IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number  **17-10652TPA**

Debtor#1: **LEROY JOHN BALZER**                                    Last Four (4) Digits of  SSN: **2343**

Debtor#2: **KAREN ANN BALZER**                                    Last Four (4) Digits of  SSN: **6809**
*Check if applicable*      □ **Amended Plan**     □ **Plan expected to be completed within the next 12 months**

**CHAPTER 13 PLAN DATED JULY 14, 2017
COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004**

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
Total amount of **$1,874.00** per month for a plan term of **sixty (60)** months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $0.00 | $1,874.00 | $0.00 |
| D#2 | $0.00 | $0.00 | $0.00 |
| (Income attachments must be used by Debtors having attachable income) | | | (SSA direct deposit recipients only) |

Estimated amount of additional plan funds from sale proceeds, etc.: $_____
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN**:  no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS**:
  i.   The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  ii.  The original plan term has been extended by _____months for a total of _____months from the original plan filing date;
  iii. The payment shall be changed effective_____.
  iv.  The Debtor (s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $_____from the sale of this property (describe) _____.  All sales shall be completed by_____.  Lump sum payments shall be received by the Trustee as follows: _____.
Other payments from any source (describe specifically) _____ shall be received by the Trustee as follows: _____.

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

  *Level One:*      Unpaid filing fees.
  *Level Two:*      Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate    protection payments.
  *Level Three:*    Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
  *Level Four:*     Priority Domestic Support Obligations.
  *Level  Five:*    Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
  *Level  Six:*     All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
  *Level  Seven:*   Allowed general unsecured claims.
  *Level  Eight:*   Untimely filed unsecured claims for which the Debtor has not lodged an objection.

**1. UNPAID FILING FEES**  _____

Filing fees:  the balance of $_____ shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

#1062950

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326(a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b or 8b.* Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326 (a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3(a). LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **PNC BANK** | **MORTGAGE ON REAL ESTATE LOCATED AT 3623 WEST LAKE ROAD, ERIE, PENNSYLVANIA 16505 DATED SEPTEMBER 30, 1997 AND RECORDED ON OCTOBER 1, 1997 IN ERIE COUNTY RECORD BOOK 521, PAGE 1892 AND AN ASSIGNMENT OF MORTGAGE RECORDED IN ERIE COUNTY RECORD BOOK 521, PAGE 1899 AND A PARTIAL RELEASE OF MORTGAGE RELATING TO 3633 WEST LAKE ROAD, ERIE, PENNSYLVANIA RECORDED ON FEBRUARY 22, 2000 IN ERIE COUNTY RECORD BOOK 688, PAGE 789 AND A RE-RECORDED MORTGAGE FILED AT ERIE COUNTY INSTRUMENT NO. 2015-005669 AND A LOAN MODIFICATION AGREEMENT RECORDED ON MARCH 31, 2017 AT ERIE COUNTY INSTRUMENT NO. 2017-011047.** | $986.22 | $1,061.00 |
| **HUNTINGTON BANK** | **SECOND MORTGAGE ON REAL ESTATE LOCATED 3623 AND 3633 WEST LAKE ROAD, ERIE, PENNSYLVANIA 16505 DATED JUNE 22, 2000 AND RECORDED ON JUNE 28, 2000 IN ERIE COUNTY RECORD BOOK 711, PAGE 2132 IN THE FACE AMOUNT OF $63,000.00** | $367.00 | $9,858.00 |
| **GREENTREE SERVICING LLC/DITECH FINANCIAL LLC** | **MORTGAGE ON REAL ESTATE LOCATED AT 706 LINDEN AVENUE, ERIE, PENNSYLVANIA DATED AUGUST 18, 2000 AND RECORDED ON AUGUST 23, 2000 IN ERIE COUNTY RECORD BOOK 722, PAGE 676 IN THE FACE AMOUNT OF $51,375.00 AND AN ASSIGNMENT OF MORTGAGE DATED APRIL 5, 2012 AND RECORDED ON APRIL 17, 2012 AT ERIE COUNTY INSTRUMENT NO. 2012-009340 AND AN ASSIGNMENT OF MORTGAGE DATED JUNE 18, 2013 AND RECORDED ON JULY 11, 2013 AT ERIE COUNTY INSTRUMENT NO. 2013-017756.** | $614.00 | $7,522.00 |

#1062950

3(b). *Long term debt claims secured by PERSONAL property entitled to § 1326 (a)(1)(C) preconfirmation adequate protection payments:*

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

**4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

4(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

4(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
|  |  |  |  |  |

**5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

5(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**PAWB Local Form 10 (07/13)**                                                                                                                                   **Page 2 of 6**

#1062950

5(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
|  |  |  |  |  |

**6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

**7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| Name the Creditor and identify the collateral with specificity. | Name the Creditor and identify the collateral with specificity. |
|---|---|
|  |  |
|  |  |
|  |  |

**8. LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee.**

8(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

8(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |

**9. SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest * | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA, DEPT. OF REVENUE** | $3,473.84 | **INCOME TAX** | 0% | (33)18-82-4; (33)18-82-2; (33) 18-82-3 | 2007 |
| **COMMONWEALTH OF PENNSYLVNAIA, DEPT. OF REVENUE** | $3,047.47 | **INCOME TAX** | 0% | (33)18-82-4; (33)18-82-2; (33) 18-82-3 | 2009 |
| **COMMONWEALTH OF PENNSYLVANIA, DEPT. OF REVENUE** | $1,246.58 | **INCOME TAX** | 0% | (33)18-82-4; (33)18-82-2; (33) 18-82-3 | 2011 |
| **COMMONWEALTH OF PENNSYLVANIA, DEPT. OF REVENUE** | $1,352.01 | **INCOME TAX** | 0% | (33)18-82-4; (33)18-82-2; (33) 18-82-3 | 2012 |

#1062950

| | | | | | |
|---|---|---|---|---|---|
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE | $6,578.20 | INCOME | 0% | (33)18-82-4; (33)18-82-2; (33) 18-82-3 | 2007 |
| UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE | $6,872.58 | INCOME | 0% | (33)18-82-4; (33)18-82-2; (33) 18-82-3 | 2008 |

*\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

**PAWB Local Form 10 (07/13)**     **Page 3 of 6**

#1062950

**10. PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**
If the Debtor (s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor (s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐  As to "Name of Creditor," specify the actual payee, e.g. PA SCDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly Payment or Prorata |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
  a.  Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
  b.  Attorney fees are payable to **Michael S. Jan Janin, Esquire, 2222 West Grandview Blvd., Erie, PA**  In addition to a retainer of **$1,000.00** already paid by or on behalf of the Debtor, the amount of **$3,000.00** is to be paid at the rate of **$200.00** per month.  Including any retainer paid, a total of **$**      has been approved pursuant to a fee application.  An additional **$**      will be sought through a fee application to be filed and approved before any additional amount will be paid thru the Plan.

**13. OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS.** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. The utility may require additional funds from the Debtor (s) after discharge.

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
|  |  |  |
|  |  |  |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of **$0.00** will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of **$0.00** shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **0%**. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified in Parts 1 - 15, above, are included in this class.

**GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS**

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor (s) until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with the calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the Trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor (s) and Debtor (s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier**.** Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record, (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID. The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS. FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

Attorney Signature:  */s/Michael S. JanJanin*

Attorney Name and Pa. ID #  Michael S. Jan Janin/Pa. ID #38880

Attorney Address and Phone 2222 West Grandview Blvd., Erie, PA 16506
Phone No. (814) 833-2222 ext. 1045

Debtor Signature: */s/Leroy John Balzer*

Debtor Signature: */s/Karen Ann Balzer*

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 17-10652-TPA
Leroy John Balzer                                                         Chapter 13
Karen Ann Balzer
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-1          User: dkam               Page 1 of 2           Date Rcvd: Jul 17, 2017
                              Form ID: pdf900          Total Noticed: 34

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 19, 2017.
```
db/jdb         +Leroy John Balzer,    Karen Ann Balzer,    3623 West Lake Road,    Erie, PA 16505-3401
cr             +Dep't of Revenue Office of Attorney General,    Anthony T. Kovalchick,    564 Forbes Avenue,
                 Manor Building,    Pittsburgh, PA 15219-2908
14659125       +AAS Debt Recovery Inc.,    P.O. Box 129,    Monroeville, PA 15146-0129
14659127       +AT&T,    500 Summit Lake Drive,    Suite 400,    Valhalla, NY 10595-1340
14659130      ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank of America, N.A.,      P.O. Box 982238,    El Paso, TX 79998-2235)
14659128       +Bank of America,    13150 Worldgate Drive,    Herdon, VA 20170-4376
14659129       +Bank of America,    450 East Boundry Street,    Chapin, SC 29036-9417
14659136     ++++CORE LOGIC,    1500 SOLANA BLVD BLDG 1,    WESTLAKE TX 76262-1720
               (address filed with court: Core Logic,    One Core Logic Drive,    Westlake, TX 76262)
14659132        Capital One Bank (USA), N.A.,    P.O. Box 71083,    Charlotte, NC 28272-1083
14659134       +CitiBank N.A.,    500 Summit Lake Drive,    Suite 400,    Valhalla, NY 10595-1340
14659135        Commercial Acceptance,    2 Main Street,    Shiremanstown, PA 17011
14659138       +Countrywide Home Loans, Inc.,    1800 Tapo Canyon Road,    Simi Valley, CA 93063-6712
14659139       +David J. Apothaker, Esquire,    520 Fellowship Road C306,    Mount Laurel, NJ 08054-3410
14659142       +Ditech Financial LLC/Greentree Servicing,    3000 Bayport Drive,    Suite 880,
                 Tampa, FL 33607-8409
14659145       +Huntington Bank,    831 State Street,    Erie, PA 16501-1316
14659146        Huntington Mortgage Group,    P.O. Box 1588,    Dept. EAW25,    Columbus, OH 43216
14659148       +Jennie C. Tsai, Esquire,    Phelan, Hallinan Diamond & Jones LLP,    1617 JFK Blvd., Suite 1400,
                 One Penn Center Plaza,    Philadelphia, PA 19103-1823
14659149       +Lynn M. Taber, Esquire,    1150 1st Avenue, #501,    King of Prussia, PA 19406-1316
14659151       +PNC Bank,    2730 Liberty Avenue,    Pittsburgh, PA 15222-4747
14659152       +PNC Bank,    P.O. Box 3180,    Pittsburgh, PA 15230-3180
14648571       +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14659154       +Sky Bank,    831 State Street,    Erie, PA 16501-1316
14648011       +The Huntington National Bank,    c/of McCabe Weisberg & Conway P.C.,    123 South Broad Street,
                 Suite 1400,    Philadelphia, PA 19109-1060
14659156       +Trident Asset Management,    53 Perimiter Center East,    Suite 440,    Atlanta, GA 30346-2287
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14659126       +E-mail/Text: roy.buchholz@allianceoneinc.com Jul 18 2017 00:56:56     Alliance One,
                 4850 Street Road,    Suite 300,    Trevose, PA 19053-6643
14659131       +E-mail/Text: ebn@squaretwofinancial.com Jul 18 2017 00:57:26     CACH LLC,
                 4340 S. Monaco Street,    2nd Floor,    Denver, CO 80237-3485
14659133       +E-mail/Text: bankruptcy@cavps.com Jul 18 2017 00:57:24     Cavalry SPV I LLC,
                 500 Summit Lake Drive,    Suite 400,    Valhalla, NY 10595-1340
14659141       +E-mail/Text: bankruptcy.bnc@ditech.com Jul 18 2017 00:57:01     DiTech Financial LLC,
                 P.O. Box 6172,    Rapid City, SD 57709-6172
14659140       +E-mail/Text: bankruptcy.bnc@ditech.com Jul 18 2017 00:57:01     DiTech Financial LLC,
                 1100 Landmark Towers,    345 St. Peters Street,    St. Paul, MN 55102-1211
14659143       +E-mail/PDF: gecsedi@recoverycorp.com Jul 18 2017 00:58:45     Greentree Servicing LLC,
                 7360 South Kyrne Road,    Tempe, AZ 85283-4583
14659144       +E-mail/Text: bankruptcy@huntington.com Jul 18 2017 00:57:15     Huntington Bank,
                 2361 Morse Road,    Columbus, OH 43229-5891
14659147        E-mail/Text: cio.bncmail@irs.gov Jul 18 2017 00:57:00     Internal Revenue Service,
                 ATTN: Centralized Insolvency Operations,    P.O. Box 7346,    Philadelphia, PA 19101-7346
14659150        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 18 2017 00:57:14     Pa. Dept. of Revenue,
                 Dept. 280946,    Harrisburg, PA 17128-0946
14659153       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jul 18 2017 01:05:19
                 Portfolio Recovery Associates Inc.,    P.O. Box 12914,    Norfolk, VA 23541-0914
                                                                                             TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14659155*      +The Huntington National Bank,    c/of McCabe Weisberg & Conway P.C.,    123 South Broad Street,
                 Suite 1400,    Philadelphia, PA 19109-1060
14659137      ##+Countrywide Home Loans, Inc.,    4500 Park Granada,    Calabasas, CA 91302-1613
                                                                                 TOTALS: 0, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

```
District/off: 0315-1           User: dkam                  Page 2 of 2                  Date Rcvd: Jul 17, 2017
                               Form ID: pdf900             Total Noticed: 34
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 19, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 17, 2017 at the address(es) listed below:

```
              Anthony T. Kovalchick    on behalf of Creditor Dep't of Revenue   Office of Attorney General
               akovalchick@attorneygeneral.gov
              Michael S. Jan Janin    on behalf of Debtor Leroy John Balzer mjanjanin@quinnfirm.com,
               knottingham@quinnfirm.com;mboni@quinnfirm.com;mgleba@quinnfirm.com;mmbquinnbankruptcy@gmail.com;m
               myers@quinnfirm.com
              Michael S. Jan Janin    on behalf of Joint Debtor Karen Ann Balzer mjanjanin@quinnfirm.com,
               knottingham@quinnfirm.com;mboni@quinnfirm.com;mgleba@quinnfirm.com;mmbquinnbankruptcy@gmail.com;m
               myers@quinnfirm.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 5
```